UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-317-KKC

CRESTWOOD FARM BLOODSTOCK, LLC                                          PLAINTIFF

v.                                    **OPINION AND ORDER**

EVEREST STABLES, INC., and
JEFFREY L. NIELSEN                                                       DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion filed by Defendants Everest Stables, Inc. and Jeffrey L. Nielsen (hereinafter collectively, "Everest") to Dismiss Plaintiff's Complaint, Stay, or Transfer Venue [Rec. No. 9] in favor of a first-filed action by Everest pending in the United States District Court for the District of Minnesota.  Everest argues that the Minnesota action involves the same parties and the nearly identical legal issues.  Plaintiff Crestwood Farm Bloodstock, LLC (hereinafter "Crestwood") has filed a response in opposition [Rec. No. 13] and Everest has filed a reply in further support of the motion [Rec. No. 16].[1]  The Court being sufficiently advised, this motion is now ripe for review.

I.    DISCUSSION

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. App'x 433, 437 (6th Cir. 2001)(unpublished).  "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning*

---

[1] The Court has also considered a Sur Reply filed by Crestwood. [Rec. No. 20].

*Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)(quoting *Zide*, 16 Fed. App'x at 437). The rule only applies to two cases filed in separate federal courts. *Amsouth Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004). It proceeds from a belief in the general principle that duplicative litigation by federal district courts should be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

However, the first-filed rule is not a strict rule and should not be rigidly applied. *Id.* at 551 (quoting *Amsouth Bank*, 386 F.3d at 791 n.8). Accordingly, district courts have discretion to dispense with the first-to-file rule where equity so demands. *See Zide*, 16 Fed. App'x at 437; *see also Tenke Corp.*, 511 F.3d at 551.

Crestwood initially argues that only Everest's original complaint in the Minnesota action qualifies as first-filed because the amended complaint in that action was filed after Crestwood filed its original complaint in this Court.[2] Looking only to the issues raised by the original complaints in the actions in Minnesota and this Court, Crestwood argues that the issues are not nearly identical. This is because the original complaint in the Minnesota action revolved around Crestwood's management of the thoroughbred Petionville, while the action in this Court covers a far broader spectrum of the parties' business relationship.[3] According to Crestwood, the Minnesota action only approached duplicity of issues with this action, when it was amended after Crestwood filed its original complaint in this Court and a motion to dismiss in the Minnesota action.

Everest responds that despite any amendments to its complaint in the Minnesota action,

---

[2] [Rec. No. 13, Response at 15].

[3] [Rec. No. 13, Response at 15].

2

that action remains the first-filed because the amended pleadings relate back to the date of the filing of the original complaint.[4]  However, the arguments regarding the relation-back doctrine are beside the point.  The Sixth Circuit has recognized that Federal Rule of Civil Procedure 15(c)[5] is "based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence." *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 516 (6th Cir. 2007)(quoting *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1997)).  In this case, no statute of limitations defense has been raised by the Defendants.  Thus relation-back is not relevant to the Court's inquiry.  What is relevant is what impact, if any, subsequent amendments to pleadings have on an action's status as first-filed.

Crestwood argues that the amended complaint in the Minnesota action should not be considered first-filed because the amendments occurred after it filed an action in this Court.  However, Crestwood has presented the Court with no case law standing for the proposition that an action ceases to be first-filed because of subsequent amendments to the pleadings.  In fact, the opposite appears to be true.  Several courts have recognized that "for purposes of first-to-file chronology, the date that an original complaint is filed controls."  *Zide Sports Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. App'x 433, 437 (6th Cir. 2001)(unpublished); *see also Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999)("[f]or purposes of

---

[4] [Rec. No. 16, Reply at 10].

[5] Rule 15(c) provides that an amendment to an original pleading relates back to the date of the original pleading when the amendment asserts claims or defenses that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

establishing the chronology, courts should focus on the date 'a party filed its original, rather than its amended complaint.'")(quoting *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)). As a result, in considering whether the first-to-file rule should be applied in favor of the Minnesota action, this Court will look to the amended complaint in that action. The Court will then consider whether equity demands that the first-to-file rule should not be applied in this case.

This Court's inquiry begins by determining whether the parties and issues involved in these two actions are the same or nearly identical. *See Tenke Corp.*, 511 F.3d at 551. There is no question that the Minnesota and Kentucky actions involve nearly identical parties. The Minnesota action includes all the parties to the action in this Court - Nielsen, Everest and Crestwood Farm Bloodstock, LLC. However, the Minnesota action also includes as parties McLean, McLean Holding, LLC and Crestwood Farms, LLC. Consequently, these actions clearly involve nearly identical parties.

The next question then is whether the issues involved in the two actions are the same or nearly identical. Everest claims that the issues are the same because both the Minnesota and Kentucky actions arise out of the professional relationship between Everest and Crestwood for the care, treatment, boarding, breeding and promotion of Everest horses. While the Court recognizes that each action involves different claims - all of the claims are related to the Purchase & Sale Agreement entered into by the parties in 2008 and Crestwood's handling of Petionville after he was retired to stud. For example, in the Kentucky action, Crestwood seeks a declaratory judgment that it acted fairly, honestly and in good faith with regard to its treatment and marketing of Petionville. In the Minnesota action, Everest has brought claims against Crestwood in connection with its handling of Petionville for fraud, civil conspiracy, breach of the duties of

4

good faith and fair dealing, and breach of fiduciary duty. Both actions also involve claims for breach of contract and breach of the duty of good faith and fair dealing under the November 2008 Purchase & Sale Agreement. In the Minnesota action, Everest argues that the agreement is unenforceable, Crestwood breached the agreement and that Crestwood was unjustly enriched by it. In the action before this Court, Crestwood seeks a declaratory judgment that the Agreement is enforceable and that it performed its contractual obligations under the Agreement. In addition, Crestwood also claims that Everest breached the Agreement and breached its duties of honesty, good faith and fair dealing in connection with the Agreement.

While these two actions are not identical, the claims and issues raised are so similar that the Court is convinced that the requirements of the first-to-file rule are met. Plaintiffs appear to recognize that these actions are similar in light of amendments to the Minnesota action, as indicated by their argument that the first-to-file rule should not be applied because "the Minnesota action did not even approach duplicity of issues until it was amended, after Crestwood filed the Crestwood First Complaint and the Crestwood Motion to Dismiss."[6] In resolving the claims in these actions, the Minnesota court and this Court will be required to analyze the parties' course of performance under the 2008 Purchase & Sale Agreement, whether that Agreement is enforceable, and whether Crestwood lived up to its contractual obligations with respect to Petionville.

Although the basic requirements for application of the first-to-file rule have been met, this Court can dispense with its application if equity so demands. *See Zide Sports Shop of Ohio, Inc.*, 16 Fed. App'x at 437. The first-to-file rule should not be applied where extraordinary

---

[6] [Rec. No. 13, Response at 15].

circumstances exist, the first party to file suit is guilty of inequitable conduct or bad faith, or if the first-filed suit is anticipatory or an attempt at forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Ables & Hall Builders v. U.S. Bank, N.A.*, 2008 U.S. Dist. LEXIS 41284 at *2-3 (W.D. Ky. May 23, 2008).

Everest argues that application of the first-to-file rule is necessary to avoid parallel duplicative litigation which will increase costs for all parties and waste judicial resources. Furthermore, Everest warns that allowing these actions to proceed in two courts creates a risk of divergent and conflicting legal rulings. The Court agrees. For example, with regard to Petionville, the Minnesota action brings various claims alleging breaches of contractual and fiduciary duties by Crestwood in its efforts to sell Petionville's stud seasons. In the Kentucky action, Crestwood seeks a declaration that it acted properly in its dealings with Petionville. This creates the risk that this same issue could be resolved differently by allowing the two actions to proceed to judgment.

However, Crestwood argues that equity councils against application of the first-to-file rule. The majority of its argument relies on *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corporation*, where the Sixth Circuit found that a first-filed action in Ohio was entitled to no deference over a subsequently filed action because of the existence of a forum selection clause mandating that disputes be resolved in a Michigan forum. 511 F.3d 535, 552 (6th Cir. 2007). That court found that "[b]y filing in Ohio courts, Defendants were attempting to forum shop as well as preempt resolution of the parties' dispute by the proper forum." *Id.* at 552. Crestwood argues that the same result should be reached in this case because of section 17 of the November 2008 Purchase & Sale Agreement. That section provides that "[t]he terms of this

agreement shall be enforced and construed in accordance with the laws of the Commonwealth of Kentucky." While Crestwood refers to this provision as a forum selection clause, it is a choice of law provision and not a forum selection clause. That provision expresses no preference for a Kentucky forum. It merely provides that Kentucky law will be the governing law in any forum where an action is ultimately filed. Because the Agreement does not contain a forum selection clause, this Court is unwilling to hold that Everest filed suit in Minnesota to forum shop and preempt resolution of its dispute with Crestwood in an improper forum. As a result, *Certified Restoration* does not support Crestwood's position.

Crestwood also argues that Everest's amendments to the complaint in the Minnesota action constitute a bad faith effort to forum shop. Furthermore, Crestwood argues that the Minnesota action was filed without warning during settlement negotiations between the parties. Crestwood claims that this is evidence that the Minnesota action was filed as an anticipatory suit to avoid litigating in Kentucky. Based on the record before it, the Court is not convinced that the filing of the Minnesota action by Everest was the result of bad faith or forum shopping. In fact, the correspondence between the parties appears to indicate that a settlement was unlikely to be reached and that both parties were preparing to file lawsuits leading up to the filing of the Minnesota action.

Finally, Crestwood argues that the choice of law provision in the Purchase & Sale Agreement mandates a decision under Kentucky law, rendered by a Kentucky Court. This argument is without merit because the choice of law provision provides no indication that a Kentucky forum is the only appropriate one for resolving the dispute between the parties. In addition, this argument overlooks the fact that federal courts sitting in diversity routinely apply

the laws of other states competently and fairly when required to do so. Assuming that jurisdiction is proper in the Minnesota action, this Court is confident that the district court in Minnesota can properly apply Kentucky law if called upon to do so.

Based on the foregoing analysis, the Court finds that application of the first-to-file rule is appropriate. Where federal courts are presented with duplicative suits and apply the first-to-file rule, they may exercise their discretion to stay a suit, allow both suits to proceed, or enjoin the parties from proceeding in the other suit. *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). In weighing these options, courts tend toward "the rule of thumb that the entire action should be decided by the court in which an action was first filed." *Id.*; *see, e.g.*, *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)("a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court.").

In this case, the parties have brought to the Court's attention that Crestwood has filed a motion to dismiss in the Minnesota action for lack of personal jurisdiction and a motion to transfer venue to this district. A hearing on these matters has been set for January 14, 2010 before the Honorable Judge Michael Davis. In light of these pending motions, the proper course of action is to stay this action until resolution of the pending motions filed in the Minnesota action. Staying an action may be the appropriate course of action where it will "permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred." *See West Gulf Maritime Ass'n*, 751 F.2d at 729 n.1.

8

In addition, in the event that personal jurisdiction is found to be lacking over any of the defendants in the Minnesota action, or that court determines that the action should be transferred to this district, this action may indeed provide the proper means of resolving the disputes between Everest and Crestwood. On the other hand, if personal jurisdiction exists over Crestwood and the motion to transfer is denied, the stay can be lifted and this action can be dismissed or transferred. However, a decision should be reached on the pending motions in the Minnesota action before further action is taken by this Court. Staying these proceedings is consistent with the interests of justice, is most convenient to all parties, and will avoid the unnecessary expense to the parties and waste of judicial resources associated with allowing both actions to proceed in different federal district courts simultaneously.

## II.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Stay [Rec. No. 9] the proceedings is **GRANTED** and these proceedings are **STAYED** until resolution of the motions pending in the Minnesota action;

(2) Defendants' Motion to Dismiss is **DENIED** without prejudice; and

(3) Defendants' Motion to Transfer Venue is **DENIED** without prejudice.

Dated this 7th day of January, 2010.

Signed By:

*Karen K. Caldwell*   *KKC*

**United States District Judge**