UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-cv-317-KKC

| | |
|---|---|
| CRESTWOOD FARM BLOODSTOCK, LLC | PLAINTIFF |
| v. | |
| EVEREST STABLES, INC., and JEFFREY L. NIELSEN | DEFENDANTS |

(*Consolidated with*)
CIVIL ACTION NO. 5:10-cv-72-KKC

| | |
|---|---|
| EVEREST STABLES, INC., | PLAINTIFF |
| v. | |
| LEWIS POPE MCLEAN, SR., CRESTWOOD FARM BLOODSTOCK, LLC., MCLEAN HOLDINGS, LLC, and CRESTWOOD FARM, LLC | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Leave to File a Fourth Amended Complaint filed by Everest Stables, Inc. (DE 214). Previously, the Court granted summary judgment in favor of Crestwood Farm Bloodstock, LLC. (DE 204). In granting summary judgment, the Court dismissed Everest's Third Amended Complaint in its entirety. (*Id.*). Because amendment at this late stage would place an unwarranted burden on the Court and place an unfair burden on the opposing parties, the Court will deny the motion.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This does not mean an

absolute or automatic right to amend, and the Court has discretion in determining whether to allow amendment. *Tucker v. Middleburg-Legacy Place, LLC,* 539 F.3d 545, 551 (6th Cir. 2008) (citations omitted). These motions may be properly denied when there has been an undue delay in filing or undue prejudice to the opposing party. *Wade v. Knoxville Util. Board,* 259 F.3d 452, 459 (6th Cir. 2001). Delay alone generally will not justify denying amendment, but "[w]hen an amendment is sought at a late stage in the litigation there is an increased burden to show justification for failing to move earlier." *Id.* When resolving a motion to amend, courts consider factors that include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

In this case, all key deadlines have long passed. This motion comes almost a year after deadlines for discovery and dispositive motions. Everest has not demonstrated why amendment at this late stage is necessary. Crestwood has acknowledged the supplemental production of some documents following the substitution of its counsel, but Everest has shown little if any connection between these late-produced documents and its "added" allegations. Some of these "added" allegations are not even based on the discovery documents, while others rest on documents produced in a timely fashion. Regardless, the later documents were produced more than a year before this fourth attempt to amend. Moreover, the "added" allegations of the Fourth Amended Complaint essentially restate the arguments of Everest's Response to Crestwood's Motion for Summary Judgment. (DE 159).

At this late stage, Everest carries "an increased burden" to justify its failure to move for amendment earlier. That burden has not been met. Given the repeated amendments already, the

undue burden additional amendment would place on the opposing parties, and the futility of the amendment in light of the Court's past rulings, there is no justification for amendment. For these reasons, the Court will exercise its discretion and deny Everest's motion.

Accordingly, IT IS HEREBY ORDERED that Everest's Motion to Amend (DE 214) will be DENIED.

This 29th day of March, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge