UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-cv-317-KKC

| | |
|---|---|
| CRESTWOOD FARM BLOODSTOCK, LLC | PLAINTIFF |
| v. | |
| EVEREST STABLES, INC., and JEFFREY L. NIELSEN | DEFENDANTS |

(*Consolidated with*)
CIVIL ACTION NO. 5:10-cv-72-KKC

| | |
|---|---|
| EVEREST STABLES, INC., | PLAINTIFF |
| v. | |
| LEWIS POPE MCLEAN, SR., CRESTWOOD FARM BLOODSTOCK, LLC., MCLEAN HOLDINGS, LLC, and CRESTWOOD FARM, LLC | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motion for Attorney's Fees filed by Crestwood Farm Bloodstock, LLC. (DE 215). Crestwood seeks an award of contractual attorney's fees for its successful defense and prosecution of these consolidated actions in the amount of $272,486.30, as well as any additional amounts in preparing this fee application. Crestwood arrived at this figure after making certain limitations. Everest Stables, Inc., and Jeffrey L. Nielsen have responded by asserting that some or all of the fees requested are not recoverable under the contract at issue. Additionally, Everest has questioned whether the fees requested are reasonable. Everest has argued that, at most, Crestwood can recover an award of $131,417.50 against it. Because the requested fees are recoverable under the contract and are reasonable, the Court will grant Crestwood's motion.

## I. BACKGROUND

The Court will presume basic familiarity with the facts and procedural history of this case involving the sale of thoroughbred horses and the related November 4, 2008 Purchase and Sale Agreement (the "November Agreement"), as discussed in the Court's Memorandum Opinion and Order of March 30, 2012. (DE 204). Crestwood claims entitlement to $272,486.30 in fees pursuant to Section 20 of the November Agreement. (DE 215-1). That provision states:

> 20. ATTORNEY'S FEES. In the event of any action or proceeding to declare or enforce the terms of this Agreement, the prevailing party or parties shall be entitled to recover its or their reasonable attorney's fees and other costs, in addition to any other relief to which it may be entitled.

(*Id.*)

This action was one to declare or enforce the terms of this November Agreement, and Crestwood prevailed. The Court has granted summary judgment in favor of Crestwood on all of Everest's claims and in favor of Crestwood on Count VI of its Second Amended Complaint.[1] (DE 204). Crestwood, however, concedes that some claims asserted by Everest went beyond the November Agreement. As a result, there are two issues for the Court: what work may be compensated and if the requested fees are reasonable.

## II. DISCUSSION

As an initial matter, the Sixth Circuit has explained that federal common law can apply to an award of contractual attorney fees, even when, as here, state law has applied to the contract. *See Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 F. App'x 323, 328, n. 6 (6th Cir. 2008) (citation omitted). Moreover, the Kentucky Supreme Court has relied on federal common law

---

[1] Crestwood has reserved the right to submit an additional Motion for Fees relating to any additional attempts by Everest to assert additional claims relating to the November Agreement or to modify the Court's previous Order.

2

when determining reasonable attorney fees. *See, e.g. Meyers v. Chapman Printing Co., Inc.,* 840 S.W.2d 814, 826 (Ky. 1992).

A district court has discretion when awarding attorney fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)). When determining the amount of an attorney fee award, courts begin by calculating the fee applicant's "lodestar," which is the "proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis,* 404 F.3d 404, 415 (6th Cir.2005) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933 (1983)). The party seeking a fee award bears the burden of proving the reasonableness of the hours and the rates claimed. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. "The key requirement for an award of attorneys fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553.

The Sixth Circuit has explained that other factors may go into a district court's analysis, and has endorsed factors set forth by the Fifth Circuit. *Graceland*, 320 F.App'x at 320 (*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The Sixth Circuit noted that the Supreme Court has considered this list of twelve factors[2] serves "as a useful

---

[2] The factors are:

3

grouping of factors to consider when determining whether an award of attorneys' fees was reasonable, though no individual factor would be dispositive." *Graceland,* 320 F.App'x at 320 (citing *Blanchard v. Bergeron,* 489 U.S. 87, 91 n. 5 (1989)). Because each case involves unique facts, no precise formula can be applied to every case. *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933. The degree of success remains the most critical factor. *Id.* The Supreme Court, however, has explained there is "[a] strong presumption that the lodestar figure … represents a 'reasonable' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986).

In this case, Crestwood has submitted a total lodestar figure of $340,607.90. In support, Crestwood has submitted the relevant invoices and billings showing all fees Crestwood has incurred since the first of these consolidated actions was filed in Minnesota. (DE 215-2). These detailed records show that Crestwood incurred $488,020.22 in total fees to various attorneys at various hourly rates: Getty & Childers, PLLC ($268,145.00); Faegre Baker Daniels, LLP ($15,510.00) Kinkead & Stilz, PLLC ($167,111.88); and Frank T. Becker, Attorney at Law ($37,253.34).[3]

---

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[3] Crestwood provides a breakdown of these fees, organized by firm, showing the number of hours billed to each attorney and the rate billed. (DE 215 at 11-12). These are fully supported by the Affidavit of L. Pope McLean, Sr., and the accompanying exhibits containing the timesheets and billing . (DE 215-2).

A. **Lodestar Figure**

Crestwood argues that the hours and rates for its attorneys and paralegals were reasonable for the nature of work done, the amount of work done, and the level of experience compared with comparable counsel in the community, and the results obtained. Moreover, Crestwood argues that, in many cases, the rates were discounted, and, thus, below attorneys' usual rates.

1. **Getty & Childers, PLLC**

Crestwood details the attorneys fees charged by its former counsel, Richard A. Getty, and the law firm of Getty & Childers, PLLC, in a table contained in its motion (DE 215 at 11-2) as well as in an Exhibit (DE 215-1) attached to the motion. Crestwood was charged between $300 and $475 for the work of partners, between $200 and $290 per hour for the work of associates, and between $110 and $150 per hour for the work of paralegals. There were 259.6 total partner hours, 364.7 total associate hours, and 325.7 total paralegal hours.

Crestwood itself disputes the reasonableness of these fees on the basis of the hourly rate charged, which it says is excessive for this market, and on the basis of total time billed given the work completed as of the time of Getty's withdrawal. Therefore, Crestwood proposes two reductions to reductions to the fee it incurred for Getty & Childers' services in this action: (1) reducing the hourly rates to those charged by Kinkead & Stilz, which took over as lead counsel for Getty upon his withdrawal, and (2) further reducing the reduced fee by 20% to account for excess hours billed. In this case, Kinkead & Stilz applied a $200 per hour flat rate, a reduction from its usual rates. (DE 223-4, Stilz Aff.) *See also Am. Canoe Ass'n, Inc. v. City of Louisa*, 683 F. Supp. 2d 480, 488 (E.D. Ky. 2010) (explaining that a reasonable rate for Kentucky environmental attorneys would be $300 per hour for partner work, $150 for associate work, and $75 for paralegal work). Applying this $200 per hour rate to the Getty & Childers' fees results

5

in a total fee of $51,920 for partner time and $72,940 for associate time. Applying Kinkead & Stilz's lowest paralegal rate of $80 per hour results in a total paralegal fee of $26,056. Crestwood suggests further reducing these totals to account for excessive time, and the Court agrees. Reducing these totals by 20% results in a $120,732.80 lodestar figure for Getty & Childers. Everest agrees that these fees were excessive but argues that these fees should be reduced even further due to duplicative billing and discovery disputes. The Court disagrees. Based on a review of the billing, Crestwood's reductions create a reasonable fee total and no further reduction is needed.

    **2. Faegre Baker Daniels, LLP**

Crestwood details the attorney fees charged by Faegre Baker Daniels, LLP in a table contained in its motion (DE 215 at 11-2) as well as in an Exhibit (DE 215-1) attached to the motion. Faegre Baker Daniels served as counsel in Minneapolis for the venue dispute, and it charged Crestwood between $425 and $545 per hour for the work partners and between $200 and $220 for the work of associates. There were 33.3 partner hours and 5.2 associate hours billed, and the total fee charged was $15,510. Everest has challenged these fees by arguing they were unrelated to the November Agreement, or alternatively, that the fees were unreasonable. In support of these fees, Crestwood has submitted the affidavit of Rikke Dierssen-Morice, a partner with Faegre Baker Daniels. (DE 223-3). Additionally, when seeking a stay pending the venue dispute, Everest previously argued to this Court that the Minnesota action addresses "all of the parties' disputes … including the November 4, 2008 Agreement." (DE 9-2 at 3). As a result, the Court finds the Faegre Baker Daniels fees are reasonable for the relevant community – Minneapolis – and related to the November Agreement; therefore, $15,510 is the appropriate lodestar figure for the Faegre Baker Daniels fees.

### 3. Kinkead & Stilz, PLLC, and Frank Becker, Attorney at Law

As above, Crestwood has detailed the fees charged by Kinkead & Stilz, PLLC, and Frank Becker. Kinkead & Stilz charged Crestwood a flat rate of $200 per hour for 763 hours. Of these hours, only 2.3 were associate hours. Kinkead & Stilz also charged 99.4 hours of paralegal work at $80 per hour and 2.1 hours of paralegal work at $85 per hour. Kinkead & Stilz billed Crestwood a 4% administrative fee of $6427.38 based on all fees billed. Becker charged 232.84 hours at $160 per hour. After carefully reviewing the affidavits and comprehensive timesheets, the Court finds that the number of hours spent represent the time spent on the matter and are reasonable. Everest has pinpointed a few items as examples of "flagrantly excessive and unnecessary billing entries" (DE 220 at 10), but Everest has not accurately presented all of these entries. Indeed, these entries showed additional work beyond that which Everest found lacking. As for the rates, these fees were charged at discounted rates for the attorneys and so were below market rates for the work, especially as compared to those of Crestwood's initial counsel. Therefore, the fees represent the work actually performed and are reasonable, and so the appropriate lodestar figure is $167,111.88 for Kinkead & Stilz's fees and $37,253.24 for Becker's fees.

### 4. Total

Overall, considering all of Crestwood's fees in light of the *Johnson* factors, the Court finds the total lodestar figure of $340,607.90[4] to be reasonable. The case did require significant time and labor; it presented novel and difficult questions; it required high legal skill; the matter dominated the time of counsel; and the flat fee offered by Kinkead & Stilz and Beck – and later

---

[4] The four subtotals add up to $340,607.92; Crestwood apparently and reasonably had rounded down.

applied to Getty & Childers –was a discounted rate. Most critically, Crestwood has succeeded on every claim, including the right to retain $219,513.89 in disputed funds. Everest had asserted four causes of action based on the November Agreement, and each claimed $1,000,000 in damages. Everest also sought $6,000,000 in damages related to the horse Petionville. Considering these factors, especially Crestwood's success, the submitted lodestar figure of $340,607.90 is appropriate.

### B. Reduction for Unrelated Claims

Although the Court finds the hours expended and the rate charged Crestwood's attorneys were reasonable (once adjusted), the Court finds a reduction appropriate because the amount includes fees and expenses associated with claims beyond the November Agreement. In this case, however, the claims remained related. In *Hensley*, the Supreme Court observed that in many cases, "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." 461 U.S. at 435, 103 S.Ct. 1933. As a result, as *Hensley* recognized, "there is no certain method of determining when claims are 'related' or 'unrelated'." *Id.* at 437 n. 12, 103 S.Ct. 1933. Similarly, the Sixth Circuit has explained that "when claims are based on a common core of facts or are based on *related* legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1169 (6th Cir. 1996).

Here, some claims were beyond the scope of the November Agreement, and thus beyond the contract's fee-shifting provision. Crestwood has recommended a 20% reduction to account for work related to non-compensable claims. Crestwood has clearly demonstrated how the remaining 80% of work relates to the November Agreement. (See DE 215 at 15-21). District

8

courts have employed a fixed-percentage reduction when there is insufficient evidence upon which to determine precisely how many hours were reasonably expended litigating the successful claims and any other related claims. *See, e.g. Bradford v. HSBC Mortg. Corp.*, 859 F. Supp. 2d 783, 790-91 (E.D. Va. 2012). Because a district court judge is "intimately familiar with the issues in the case," he or she is "in an excellent position to estimate the amount of lawyer time devoted to the various issues before [the judge]." *Burger King Corp. v. Mason*, 710 F.2d 1480, 1497 (11th Cir. 1983).

In this case, the Court is aware that Everest asserted a cause of action for fraud unrelated to the November Agreement, and there were elements of the other causes of action unrelated to that agreement. Again, however, the issues related to the various claims were intermingled, and Crestwood's success depended upon resolving many of those issues. Therefore, the Court will apply its familiarity with the case and reduce the lodestar figure by 20% to account for the non-compensable claims. This reduction leaves a final and reasonable figure of $272,486.30.[5] *See Graceland Fruit*, 320 F. App'x at 330 (approving fee award of more than $400,000 in case involving $800,000 worth of damages and a opposing party's litigation strategy involving multiple claims). Here, Everest sought at least $1,000,000 in damages based on the November Agreement and pursued a litigation strategy of bringing multiple claims based on that contract. Given those aspects of the case, and Crestwood's ultimate success, this award is reasonable.

### III. CONCLUSION

For these reasons, the fees requested by Crestwood are reasonable and recoverable under the November Agreement.

---

[5]Reducing the lodestar figure of $340,607.90 by 20% results in $272,486.32, but as above, Crestwood reasonably has rounded down to the nearest dime.

9

Accordingly, IT IS HEREBY ORDERED that Crestwood Farm Bloodstock, LLC's Motion for Attorneys' Fees (DE 215) is GRANTED and Crestwood Farm Bloodstock, LLC is awarded attorney fees in the amount of $272,486.30.

This 29th day of March, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge