UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-317-KKC

CRESTWOOD FARM BLOODSTOCK, LLC                                                PLAINTIFF

v.

EVEREST STABLES, INC., and JEFFREY L. NIELSEN                          DEFENDANTS

(*Consolidated with*)
CIVIL ACTION NO. 5:10-cv-72-KKC

EVEREST STABLES, INC.,                                                                      PLAINTIFF

v.

LEWIS POPE MCLEAN, SR., CRESTWOOD FARM
BLOODSTOCK, LLC., MCLEAN HOLDINGS, LLC, and
CRESTWOOD FARM, LLC                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Partial Summary Judgment filed by Jeffrey L. Nielsen. (DE 213). Nielsen argues Counts I through V of Crestwood's Second Amended Complaint as against him, personally, should be dismissed. Previously, the Court granted summary judgment in favor of Crestwood on all of Everest's claims and in favor of Crestwood on Count VI of its Second Amended Complaint. (DE 204). Given that prior ruling, the Court will deny Nielsen's motion.

In a telephonic conference following the Court's Memorandum Opinion and Order (DE 204), the Court discussed these remaining claims in Crestwood's Second Amended Complaint. According to counsel for Crestwood, there was no intention of pursuing these claims because they had been rendered moot by the Court's summary judgment decision. The Court explained

its intent to enter a final judgment dismissing these remaining claims without prejudice so they could be brought again should the matter be reversed on appeal. In responding to Nielsen's Motion for Partial Summary Judgment, Crestwood has reiterated its stance that the claims are moot in light of the Court's prior rulings. In its previous Order, the Court granted summary judgment in favor of Crestwood and its related parties on all of Everest's claims, thus rendering Crestwood's declaratory action counts against Nielsen moot. Additionally, this Court previously found that Kentucky law does not recognize an independent tort for breach of good faith and fair dealing outside of insurance contracts. (DE 204 at 6). As a result, Everest's claim for intentional breach of the implied covenant of good faith and fair dealing failed as a matter of law, and so Crestwood's identical claim for breach of the implied covenant of good faith and fair dealing against both Everest and Nielsen will be dismissed on the same ground. Both the record and the pleadings clearly reflect the connections between Everest and Nielsen as well as between these sets of claims.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Nielsen's Motion for Partial Summary Judgment is DENIED;

(2) Counts I, II, III, IV, and V in Crestwood's Second Amended Complaint will be DISMISSED WITHOUT PREJUDICE as moot; and

(3) A Final Judgment will be entered in accordance with this and the Court's previous Order.

This 29th day of March, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge